**HEIRS OF LEMEANAI FAMILY by Willie Meredith et al., Plaintiffs**

**v.**

**IOSIA of Tafuna, Defendant**

No. 20-1953

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Foganono" in Tafuna]

December 14, 1953

---

OPINION AND DECREE

Heard at Fagatogo on November 30, 1953 before MOR-ROW, *Chief Judge,* and LETULIGASENOA, *Associate Judge.*

Toomata and Aumavae T., counsel for Heirs of the Lemea-nai Family.

Aifili P. Lauvao, counsel for Iosia.

OPINION OF THE COURT

MORROW, *Chief Judge.*

The heirs of the Lemeanai Family filed their petition praying for the removal of Iosia from the land Foganono at Tafuna.

The government land records show that the land Foga-nono has been registered as the communal property of the Lemeanai Family. Iosia admitted that he is living on this land with his family and that he has built a palagi house and four Samoan houses on it. He and his family have lived on the land for several years and have plantations on it. He has been ordered by representatives of the Lemeanai Family to vacate the premises.

Iosia claims to be a member of the Lemeanai Family. He also claims that he entered upon Foganono and has made his home on it for several years upon the authority of Atualevao, a matai of the Lemeanai Family. The heirs claim that he entered upon the authority of Saiselu who, though not a registered matai, was the head of the family; that Saiselu only gave Iosia permission to put up a small Samoan house on the land Foganono for his use when he should go out fishing. Saiselu passed away some years ago while Atualevao died in 1952. Consequently it is impossible to secure their testimony on pertinent matters relating to any permission given to Iosia to enter upon Foganono.

There was a very sharp conflict in the testimony as to Iosia's membership in the Lemeanai Family. We think that the weight of the evidence favors the view that he is not a member of the Lemeanai Family, and we so find. Iosia was born on the island of Aunuu and is a member of the Taufi family there. He was a pastor in Iliili for a number of years. Under the customs of the church he would not have been assigned to the church at Iliili as pastor if he had been a member of the Lemeanai Family of that Village.

In accordance with the custom in Samoa Iosia was given a piece of land on which to have his plantations while he was pastor. That land was known as Saimealili. It was the property of the Lemeanai Family. We believe from the evidence that Atualevao, a matai in the Lemeanai Family, did give him permission to put in plantations on Foganono

and live there and we think that Saiselu, the head of the Family, may also have given him permission to put up a small Samoan house on Foganono for use in connection with his fishing. However, we believe from the evidence that permission given Iosia to enter upon Foganono was not given to him as a member of the Lemeanai Family. In other words, it was not a case of the matai assigning a piece of family land to a young man in the family for his use. Nor do we think the permission with respect to Foganono had any connection with Iosia as a pastor.

We believe from the evidence that in reliance upon the permission given, Iosia did put in plantations and erect a palagi house (now in a state of disrepair) and some Samoan houses upon Foganono.

In the case of *Sa-Lemeanai Family and Leasiolagi of Asu for the Fao Family v. Tomasi and Tulei of Iliili*, No. 22-1951 (High Court of American Samoa) the facts were essentially the same as in the present case except that in that case the labor involved in preparing the land for plantations was much greater than in this case. In that case we said:

"Inasmuch as we find that Tomasi entered upon the land in accordance with a Samoan custom under the authorization of and with the consent of Malama, later confirmed by Vao the matai of the Salemeanai family, we think it would be unjust, even though we do find that the disputed tract is Salemeanai family land, to order Tomasi and Tulei* to surrender possession now leaving their plantations, the product of their hard labor, behind for the use of the Salemeanai people."

We think it would be unjust to turn Iosia out of his houses and his plantations forthwith after he and his family have entered upon the land with permission of the matai and put in plantations and put up houses. Under the circumstances it would not be morally right to oust Iosia at once and to turn the plantations put in by him and the

---
*Tulei was Tomasi's wife.

houses built by him, all the product of hard labor, over to the Lemeanai Family even though the plantations and houses are on Lemeanai land. We said in Tomasi and Tulei's case, supra, "We think that they have a charge against the property under the circumstances" and we say in this case that Iosia has a charge against the land Foganono, he having put in plantations and erected houses on it in reliance upon permission.

We think, following the principle of our decision in Tomasi and Tulei's case, supra, that the charge can best be liquidated by permitting Iosia to remain in the possession of the plantations and use the fruits thereof until January 1, 1956. At that time Iosia should vacate the property Foganono and, if he desires, remove his houses therefrom. Samoan houses can easily be taken down and moved and since the palagi house is on posts, it can likewise be removed. In the meantime Iosia should not convert any new land to plantations. The land could not be sold to satisfy the charge. Sec. 1205, Code of American Samoa.

### DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that Iosia shall have the right to continue to possess, occupy, and use for plantation purposes that part of the land Foganono on which he now has plantations until January 1, 1956 and shall also have the right to continue to use and occupy his houses thereon until January 1, 1956 at which time he shall vacate the land Foganono taking his houses with him if he so desires. He shall leave such of his plantations as may be on Foganono on January 1, 1956 in an unharmed condition.

Costs in the sum of $25.00 are hereby assessed against Iosia, the same to be paid within 60 days.